BUCKLEY *v.* STATE.

[83 South. 403, In Banc.  No. 20682.]

BANKS AND BANKING. *Evidence of gross negligence in a director not sufficient to convict of knowingly receiving deposits.*

Under Code 1906, section 1169, a bank director cannot be convicted, for receiving deposits "having good reason to believe that the

bank was then and there insolvent" merely upon evidence show-
ing him to have been grossly negligent in the discharge of
his duty as a director of the bank.

APPEAL from the circuit court of Wayne county.

HON. R. W. HEIDELBERG, Judge.

M. W. Buckley was convicted of recovering a deposit having good reason to believe the bank insolvent and appeals.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

On January 24, 1914, the president of the Bank of Enterprise, which was then insolvent, and of which the appellant was a director, received a sum of money for deposit in the bank without informing the depositor of the banks insolvency. Afterwards the appellant was indicted under section 1169, Code of 1906, for receiving the deposit "having good reason to believe that the bank was then and there insolvent," and this appeal is from a conviction therefor. It will be unnecessary, and in fact would be difficult, to set forth the voluminous evidence on which the appellant was convicted, but it will be sufficient to say that, while it appears therefrom that the appellant was grossly negligent in the discharge of his duty as a director of the bank, a majority of the court is of opinion that there is nothing in the evidence to warrant a finding that his knowledge of the affairs of the bank at the time the deposit was received was such as to cause him to have good reason to believe the bank to be insolvent; consequently the peremptory instruction requested by him should have been given.

Reversed, and judgment here for the appellant.

*Reversed.*

ETHRIDGE, J. (dissenting). In my personal and private capacity (to borrow an expression from Attorney Wemmick in Dickens' Great Expectations), and because of friendship for the family of the appellant, I am glad that my Brethren have found a way to relieve appellant from a conviction; but in my official and judicial capacity I cannot agree that the evidence is insufficent to warrant a jury in finding him guilty. As the sufficiency of the evidence is the only difference between the members of the court, I merely dissent to prevent the facts in this case being presented as a precedent in future cases.